**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALLEN GALBREATH,

    Plaintiff - Appellant,

v.

THE CITY OF OKLAHOMA CITY;
KEVIN PARTON,

    Defendants - Appellees.

No. 15-6044
(D.C. No. 5:11-CV-01336-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

A jury rejected Allen Galbreath's 42 U.S.C. § 1983 claim that Oklahoma City's

disorderly-conduct ordinance is unconstitutionally vague. He now appeals the district

court's order denying his renewed motion for judgment as a matter of law. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

On the morning of June 7, 2010, Mary Franklin was at Goodholm Park in Oklahoma City with her grandchildren. She called 911 upon being frightened by a man—Galbreath—who she claimed was behaving erratically and swinging what looked like "a Samurai sword" or "a very big stick." Police Officer Kevin Parton responded to the park and observed Galbreath, who was "singing or humming" and "twirling . . . and spinning" his stick.

Galbreath told Parton he was in the park "doing his exercises and giving candy to the kids" if they answered his questions correctly. Galbreath "was unsteady on his feet" and speaking "incoherent[ly]." Parton did not recognize Galbreath's behavior as any sort of exercise. Parton patted Galbreath down and inquired further about his presence in the park. At some point, Galbreath became agitated and started yelling. Parton handcuffed him and placed him in a patrol car as a protective measure.

Parton then reviewed the City's disorderly-conduct ordinance, which proscribes "caus[ing] public alarm without justification." Okla. City, Okla., Mun. Code § 30-81(b). He concluded that it applied, given: (1) Galbreath's behavior, which ranged from "singing and doing his thing" to "get[ting] really agitated"; and (2) "the potential for anything else to happen either with the kids or with somebody else." And Parton specifically concluded that Galbreath had not provided "reasonable explanation of his behavior." Galbreath was arrested, but the City later dismissed the charge.

Galbreath sued Parton and the City alleging violation of his civil rights. The district court entered summary judgment against him. This court reversed on the claim

that the ordinance was vague, concluding that the district court had not viewed the evidence in the light most favorable to Galbreath. See Galbreath v. City of Okla. City, 568 F. App'x 534, 541 (10th Cir. 2014) (unpublished). At the ensuing jury trial, Galbreath testified he was a former professional ballet dancer and was in the park doing physical-therapy exercises for a bone disease affecting his hips. He further stated that the stick he twirled in the park was his cane and that he gave candy to children who participated in his stretching class. Parton testified, describing his encounter with Galbreath and stating that he did not recognize Galbreath's stick as a cane and that he was not using it as a cane. Galbreath unsuccessfully sought judgment as a matter of law. The jury then returned a verdict in favor of the City.

Galbreath renewed his motion for judgment as a matter of law. The court again rejected the motion. He timely appealed.

## II

"A judgment as a matter of law is warranted only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position." Herrera v. Lufkin Indus., Inc., 474 F.3d 675, 685 (10th Cir. 2007). We review the district court's decision de novo, considering the entire record in the light most favorable to the non-moving party. Id.

"As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Gonzales v. Carhart, 550 U.S. 124, 148-49 (2007). "A

3

law can be unconstitutionally vague on its face or in application." United States v. Rodebaugh, 798 F.3d 1281, 1294 (10th Cir. 2015).

Preliminarily, we note that Galbreath appears to argue the ordinance is facially vague because a hypothetical "arresting [officer] alone decides whether to use a standard to evaluate the 'justification' prong, and if some standard is used, what standard to apply." But "Galbreath's counsel abandoned his challenge to the ordinance's facial validity" in his prior appeal, Galbreath, 568 F. App'x at 538, and he may not resurrect that argument.

With the facial argument foreclosed, Galbreath contends that the ordinance's "without justification" language is so vague he was left to guess what conduct the ordinance prohibited. He did not, however, advance this contention in his pre-verdict motion for judgment as a matter of law. Instead, he argued that the language was so vague it provided too much discretion to the arresting officer. He is thus limited to that argument. See Marshall v. Columbia Lea Reg'l Hosp., 474 F.3d 733, 738-39 (10th Cir. 2007) ("The renewed motion [for judgment as a matter of law] under Rule 50(b) cannot assert grounds for relief not asserted in the original motion."); see also Vanderhurst v. Colo. Mountain Coll. Dist., 208 F.3d 908, 915 (10th Cir. 2000) ("A Rule 50 motion for judgment as a matter of law made at the close of all the evidence preserves for review only those grounds specified at the time, and no others.").

A "statute can be impermissibly vague . . . if it authorizes or even encourages arbitrary and discriminatory enforcement." Ward v. Utah, 398 F.3d 1239, 1251 (10th Cir. 2005). However, under the circumstances of this case, the "without

4

justification" language in the City's disorderly-conduct ordinance does not do so.[1] "Justify" commonly means a "to prove or show to be . . . reasonable." Webster's Ninth New Collegiate Dictionary 656 (9th ed. 1991). Galbreath provided two reasons for his presence in the park: exercising and giving candy to children. Insofar as Galbreath stated he was giving candy to children who correctly answered his questions, that potentially troubling statement does not explain his twirling a stick above his head while singing and behaving erratically. Parton specifically considered Galbreath's failure to provide a reasonable explanation for his actions in deciding to charge him with disorderly conduct. A reasonable jury could conclude that Galbreath did not provide justification for his actions.

### III

As applied to Galbreath's arrest, the ordinance's prohibition against causing public alarm "without justification" did not authorize or encourage arbitrary and discriminatory enforcement. The ordinance is therefore not impermissibly vague as applied, and the district court properly denied Galbreath's renewed motion for a judgment as a matter of law. The judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] Galbreath does not contest that his actions caused "public alarm."